1

2

3

4

5

6                  UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF WASHINGTON

7                       AT SEATTLE

8 ROBERT LANGENDOERFER,

9                  Plaintiff,        Case No. C24-1328-BHS-SKV

10       v.

11 LINDA WILLIAMSON,               ORDER RE: PLAINTIFF'S PENDING
                                   REQUESTS FOR RELIEF

12                  Defendant.

13

14        This is a civil rights action proceeding under 42 U.S.C. § 1983.  Plaintiff Robert

15 Langendoerfer, who is proceeding with this action *pro se* and *in forma pauperis*, is currently

16 confined at Snohomish County Corrections ("SCC") in Everett, Washington.  *See* Dkt. 6.  He

17 alleges in this action that Defendant Linda Williamson violated his Fourteenth Amendment right

18 to be protected from a substantial risk of serious harm when she moved him into a housing

19 module that she knew would put his life and safety at risk.  *Id.* at 4-5.

20        This matter comes before the Court at the present time for consideration of various

21 requests for relief contained in a series of letters directed to the Court by Plaintiff.  Specifically,

22 the Court is in receipt of a letter in which Plaintiff requests the assistance of pro bono counsel.

23 Dkt. 16.  The Court is also in receipt of letters requesting assistance with discovery matters

ORDER RE: PLAINTIFF'S PENDING
REQUESTS FOR RELIEF - 1

(Dkts. 19, 20), and a letter requesting issuance of a temporary restraining order based on alleged retaliatory conduct by Defendant and another member of the SCC staff (Dkt. 21). Defendant has filed a response to Plaintiff's request for counsel (Dkt. 17), and to Plaintiff's letters seeking assistance with discovery (Dkt. 26). Defendant has not filed any response to Plaintiff's letter seeking a temporary restraining order.[1] The Court, having now reviewed the parties' submissions, and the balance of the record, hereby finds and ORDERS as follows:

(1) Plaintiff's request for appointment of counsel (Dkt. 16) is DENIED. There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

Plaintiff, in his letter requesting counsel be appointed, asserts only that he has various evidence supporting his claim. Dkt. 16. In a more recent submission, Plaintiff suggests that Defendant's responses to some of his recent requests for relief, wherein Defendant argues that Plaintiff has not followed proper procedures in submitting his requests, demonstrate the need for counsel. *See* Dkt. 28. Defendant argues that Plaintiff has not met the standard for appointment of counsel in this matter. *See* Dkt. 17.

---

[1] The Court observes that the lack of a response to the request for issuance of a temporary restraining order is likely due to the fact that the Clerk did not post that submission on the docket as a motion whereas the Clerk did post Plaintiff's other submissions on the docket as motions.

ORDER RE: PLAINTIFF'S PENDING
REQUESTS FOR RELIEF - 2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

Applying the standard set forth above to Plaintiff's request for counsel, the Court observes that Plaintiff's claim is limited in time and scope, and he has demonstrated an ability to articulate the legal and factual basis of his claim without the assistance of counsel.  The record confirms that Plaintiff lacks familiarity with discovery procedures and with the procedures for seeking relief from the Court, *i.e.,* filing motions.  However, navigating the Court's procedural rules is a challenge typical of those faced by *pro se* litigants in general and does not, by itself, constitute an extraordinary circumstance.

As for Plaintiff's likelihood of success on the merits of his claim, the Court observes that it is currently awaiting a response from Plaintiff to Defendant's motion for a judgment on the pleadings.  While briefing is not yet complete on Defendant's motion, the motion necessarily calls into question the likelihood that the Court will even reach the merits of Plaintiff's claim. Thus, given the information available at this juncture, the Court must conclude that Plaintiff has not demonstrated his case involves exceptional circumstances warranting the appointment of counsel.  Plaintiff's request for counsel is therefore denied without prejudice to Plaintiff renewing his request at a later time.

(2)    Plaintiff's requests for the Court's assistance in conducting discovery (Dkts. 19, 20) are DENIED.  In his first submission, Plaintiff requests the Court's assistance in interviewing and/or deposing 13 witnesses identified in the submission.  Dkt. 19.  Plaintiff indicates he does not know how to serve these individuals to request their appearance for depositions and he asks the Court to help him with that process.  *Id*. at 2.  In his second submission, Plaintiff appears to request that the Court direct Defendant Williamson to produce certain documents related to Plaintiff's confinement at SCC.  Dkt. 20.

ORDER RE: PLAINTIFF'S PENDING
REQUESTS FOR RELIEF - 3

1    Because Plaintiff initiated this action, it is his responsibility to familiarize himself with

2    the rules of discovery and to conduct discovery in accordance with those rules. *See* Rules 26-37

3    of the Federal Rules of Civil Procedure. It is not the responsibility of the Court to assist Plaintiff

4    in litigating this matter, nor is it appropriate for the Court to do so. Thus, to the extent Plaintiff

5    requests the Court's assistance in conducting discovery his requests must be denied.

6    Another issue raised in the parties' recent submissions concerns the upcoming discovery

7    deadline. Defendant, in her response to Plaintiff's discovery related submissions, asserts that the

8    deadline for service of discovery requests has passed. Dkt. 26. Plaintiff contends that the

9    deadline has not passed because the Court's Pretrial Scheduling Order specifically states that

10   discovery shall be completed by February 21, 2025. *See* Dkt. 28 at 1. Plaintiff overlooks the

11   language in that Order which states that "[t]he serving party . . . must serve his/her discovery

12   requests at least thirty (30) days before the deadline in order to allow the other party time to

13   answer." *See* Dkt. 11 at 1-2. Thus, Defendants are correct that the time for serving discovery

14   requests has now passed.

15   Relatedly, the Court observes that Defendant's motion for a judgment on the pleadings is

16   currently noted for consideration on February 19, 2025 (*see* Dkt. 22), and that Plaintiff's

17   response to the motion is due by February 12, 2025. Plaintiff should not require any discovery to

18   respond to that motion as the issue raised by Defendant goes strictly to the legal sufficiency of

19   Plaintiff's claim and not to whether Plaintiff has evidence to support the claim. It would

20   therefore serve no purpose for Plaintiff to pursue further discovery at this point. If Plaintiff is

21   able to successfully challenge Defendant's motion for a judgment on the pleadings, the Court

22   will allow Plaintiff additional time to conduct discovery.

23

ORDER RE: PLAINTIFF'S PENDING
REQUESTS FOR RELIEF - 4

1    (3)    Finally, with respect to Plaintiff's submission in which he requests that a

2 temporary restraining order be issued based on alleged retaliatory conduct by Defendant and

3 others (Dkt. 21), Plaintiff is advised that if he wishes to have the Court consider such a request

4 he must submit a properly noted motion which clearly identifies the relief he is seeking and sets

5 forth appropriate argument supporting the requested relief.

6    (4)    The Clerk is directed to send copies of this Order to Plaintiff, to counsel for

7 Defendant, and to the Honorable Benjamin H. Settle.

8    DATED this 7th day of February, 2025.

9

10    *S. Kate Vaughan*

11    S. KATE VAUGHAN
    United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

ORDER RE: PLAINTIFF'S PENDING
REQUESTS FOR RELIEF - 5