1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

6
7

8  ROBERT LANGENDOERFER,

9                                    Plaintiff,          Case No. C24-1328-BHS-SKV

10          v.

11  LINDA WILLIAMSON,                                     REPORT AND RECOMMENDATION

12                                    Defendant.

13

14          This is a civil rights action proceeding under 42 U.S.C. § 1983.  Plaintiff submitted his

15  complaint to the Court for filing on August 21, 2024.  *See* Dkt. 1.  He alleged therein that

16  Defendant Linda Williamson, the Classification Supervisor at the Snohomish County Jail ("the

17  Jail"), violated his Fourteenth Amendment rights when she failed to reasonably protect him from

18  a serious risk of harm.  *See* Dkt. 6 at 4.  Plaintiff claimed that Ms. Williamson had him moved to

19  a housing module at the Jail knowing this would likely result in his injury or death.  *Id*. at 5.

20  Plaintiff further claims that immediately upon arriving in the new housing module "a failed

21  attempted assault by the plaintiff's former gang took place."  *Id.*

22          On January 22, 2025, Defendant filed a motion for judgment on the pleadings which is

23  fully briefed and currently ripe for review.  *See* Dkts. 22, 31, 32.  On March 3, 2025, after

REPORT AND RECOMMENDATION
PAGE - 1

briefing on Defendant's motion was complete, the Court received from Plaintiff a request that he be allowed to withdraw his complaint and that he be granted leave to re-file his complaint correctly. Dkt. 33. Because the Court was unclear as to the precise nature of the relief Plaintiff was seeking, the Court issued an Order on March 12, 2025, directing Plaintiff to clarify whether he was requesting a voluntary dismissal of the action without prejudice, or was instead requesting that he be granted leave to amend his complaint. Dkt. 34. The Court directed Plaintiff to clarify his intentions by submitting either a motion seeking voluntary dismissal of this action, or a motion seeking leave to amend his complaint together with a proposed amended complaint, not later than March 31, 2025. *See id.* The Court also re-noted Defendant's motion for judgment on the pleadings for that date. *Id*.

On March 20, 2025, the Court received from Plaintiff a motion requesting voluntary dismissal of this action without prejudice. Dkt. 37. Defendant filed a prompt response to Plaintiff's motion in which she indicated she does not object to Plaintiff's motion "assuming the Court does not first grant Defendant's earlier Motion for Judgment on the Pleadings and thereby dismiss the instant case with prejudice." Dkt. 38. Given the absence of objection from Defendant to Plaintiff's request for voluntary dismissal, the Court recommends that Plaintiff's motion for voluntary dismissal (Dkt. 37) be granted, and that Plaintiff's complaint (Dkt. 6) and this action be dismissed without prejudice. The Court further recommends that Defendant's motion for judgment on the pleadings (Dkt. 22) be stricken as moot. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may

REPORT AND RECOMMENDATION
PAGE - 2

affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **April 23, 2025**.

DATED this 2nd day of April, 2025.

S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 3